# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL BROWN,**

        Petitioner,

vs.                                                   Case No. 15-CV-1232-DRH

**UNITED STATES OF AMERICA**

        Respondent.

## ORDER

**HERNDON, District Judge**:

On July 27, 2015, petitioner Darnell Brown filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 motion, Brown challenges his designation and sentence as a career offender.

The Court, after reviewing the pleadings, and pursuant to Administrative Order 176, referred the case to the Federal Public Defender given *Johnson v. United States*, 135 S.Ct. 2551 (2015) and the fact that Brown challenges his career offender status (Doc. 14). Thereafter, the Federal Public Defender moved to stay this case pending a decision by the United States Supreme Court in *Beckles v. United States*, 616 Fed.Appx 415 (11th Cir. 2015), cert. granted, --- U.S. ---, 136 S.Ct. 2510, --- L.E.2d --- (2016) (Doc. 7), which the Court granted (Doc. 8). On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 866 (2017) (holding broadly that advisory sentencing guidelines are not subject to vagueness

challenges under the Due Process Clause, and thus, the reasoning of Johnson does not extend to § 4B1.2's residual clause).

In light of *Beckles*, the Federal Public Defender moved to withdraw as counsel (Doc. 11). The FPD asserts that petitioner's claim surrounding his career offender status is not viable because the *Beckles* decision forecloses any colorable claim for relief based upon *Johnson*. The Court, entered a show cause order directing petitioner to show cause—no later than June 20, 2017— why the undersigned should not grant the Assistant FPD's motion to withdraw and deny Brown's pro se § 2255 petition (Doc. 13). Brown failed to respond. Clearly, *Beckles* precludes Brown's § 2255 petition and there is no basis to vacate or correct Brown's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly dismissed with petitioner's motion based on *Beckles*.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Brown's 28 U.S.C. § 2255 motion (Doc. 1) and **GRANTS** the FPD's motion to withdraw (Doc. 11). Further, the Court **DECLINES** to issue a certificate of appealability. The Court

**DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Darnell Brown.

**IT IS SO ORDERED.**

Signed this 29th day of June, 2017.

*David R. Herndon*

Digitally signed by Judge David R. Herndon
Date: 2017.06.29 13:43:16 -05'00'

**United States District Judge**